Filed 10/28/21  P. v. Marin CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B308620 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA071960) |
| v. | |
| CORINA MARIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Renée F. Korn, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Corina Marin petitioned for resentencing under Penal Code[1] section 1170.95.  The trial court appointed counsel and found that Marin failed to make a prima facie showing for relief, concluding that she was either the actual killer, a direct aider and abettor to the murder, or a major participant in the underlying crime who acted with reckless indifference to human life.  Marin argues that the court erred in denying her petition before holding an evidentiary hearing.  We disagree and affirm.

## BACKGROUND

The following facts are taken from our opinion affirming Marin's conviction in *People v. Marin* (Feb. 5, 1996, B086974) [nonpub. opn.].

On November 30, 1992, 87-year-old Guillermo Villa was found dead lying in a pool of blood in his home.  He suffered a fractured larynx due to manual strangulation, blunt force trauma to both eyes, a broken cheekbone, eight broken ribs on his right side, three broken ribs on his left side, hemorrhaging under his scalp on both sides of his head, five or six puncture wounds to the forehead and defensive wounds to his left hand, wrist, knuckles and fingers.  Some of Villa's teeth had been knocked out.  A criminalist found a belt around Villa's neck.  The coroner determined that Villa died of multiple traumatic injuries as well as a fractured larynx that indicated manual strangulation.

Villa's body was discovered by his brother-in-law Antonio Garcia.  Villa's home abutted Garcia's and he looked after Villa on a daily basis.  Garcia's son, William and Marin's mother lived with Garcia.  On November 29, 1992, Garcia took Villa to the

---

[1] All further statutory references are to the Penal Code.

market.  Marin was supposed to be attending a drug treatment program.  Marin asked Villa to loan her money and Villa loaned her $8.  Later that day, Garcia saw Marin on a corner four blocks away.  The next morning Garcia found Villa's body inside Villa's home.  Neither his screen door nor house door was locked.

The motive for the murder appeared to be robbery.  Villa kept large amounts of cash in large denominations at home because he did not trust banks.  When his body was discovered, his wallet was missing and no other money was found in the house except $3,000, which had been hidden.  The investigating officers found no evidence of forced entry, but found that one of the bedrooms had been ransacked.  A neighbor placed Marin across the street from Villa's home approximately an hour and a half after the murder.

Investigators located Marin at a nearby abandoned house on November 30, 1992.  They asked to see the bottom of Marin's shoes and noted that the soles matched a shoe print on Villa's chest.  They also preserved blood stains on Marin's shoes, which she claimed were there from injecting narcotics.  A detective escorted Marin to the bathroom where she witnessed Marin removing a $100 bill from her vagina.  When officers transported Marin to jail, a detective told Marin that they knew she did not commit the crime alone, and if she wanted to talk, she could do so.  Marin replied, "What for?  I'll still be in jail.  We'd get the same anyhow."

A criminalist determined the blood on Marin's shoes could have only come from three percent of the population who shared Villa's genetic markers and was not Marin's.  The tread design on Marin's shoes also matched the shoe prints on Villa's clothes.

An information charged Marin with murder (§ 187, subd. (a); count 1), first degree residential burglary (§ 459; count 2), and two counts of robbery (§ 211; counts 3 & 4). It was further alleged that the murder was committed during the commission of a robbery and burglary. (§ 190.2, subd. (a)(17).) No other person was charged with these crimes.

The jury convicted Marin of first degree murder with a true finding on a robbery-murder special circumstance (§§ 187, subd. (a), 190.2, subd. (a)(17)) and two counts of first degree robbery. Marin was sentenced to life without the possibility of parole. We affirmed Marin's conviction on direct appeal. (*People v. Marin, supra*, B086974.)

On April 17, 2019, Marin filed a section 1170.95 petition asserting that she had been convicted of murder, but could not be convicted today under statutory changes made by Senate Bill No. 1437 (2017–2018 Reg. Sess.). The trial court appointed counsel. The People filed a response, arguing Marin was not entitled to relief because she was either a direct aider and abettor in the murder or a major participant in the underlying felony and acted with reckless indifference to human life. The trial court found that Marin failed to make a prima facie showing that she was entitled to relief because the record showed that she was either the actual killer, or a direct aider and abettor to the murder, or a major participant in the underlying felonies who acted with reckless indifference to human life.

Marin appealed.

## DISCUSSION

Marin contends the trial court erred by summarily denying her petition without issuing an order to show cause. We disagree.

4

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)  In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill [No.] 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

Under section 1170.95, subdivision (a)(1) to (3), an offender must file a petition in the sentencing court averring that:  "(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]  [¶]  (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;]  [¶]  [and] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  The petition must include:  "(A) [a] declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a)[;]  [¶] (B) [t]he superior court case number and year of the petitioner's conviction[;]  [¶]  (C) [w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(A)–(C).)  If the petition complies with section 1170.95, subdivision (b)'s three

requirements, then the court proceeds to section 1170.95, subdivision (c) to determine whether the petitioner has made a prima facie showing for relief.  (§ 1170.95, subd. (c).)

Prima facie review of a section 1170.95 petition is analogous to the prima facie inquiry in a habeas corpus proceeding.  (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)  The court takes the petitioner's allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if those allegations were proved.  (*Ibid.*)  The court should not "engage in 'factfinding involving the weighing of evidence or the exercise of discretion,' " (*id*. at p. 972) or " 'reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing' " (*id*. at p. 971).  However, if the record of conviction, including the court's own documents, contains facts refuting the allegations made in the petition, the court may make a credibility finding adverse to the petitioner.  (*Id*. at p. 971.)

Marin argues that the court erred in ruling that she failed to make a prima facie case for relief based on its own factual findings and erred in ruling that the special circumstance finding, which predated our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), precluded relief as a matter of law.  We disagree.

To be eligible for resentencing, Marin had to show that she "could not be convicted of first or second degree murder because of changes to Section 188 or 189" made by Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).)  Under section 189, as amended, a defendant can be convicted of felony murder if she was the actual killer, or acted as a direct aider and abettor with the intent to

kill, or was a major participant in the underlying felony and acted with reckless indifference to human life.  (§ 189, subd. (e); *People v. Murillo* (2020) 54 Cal.App.5th 160, 167, review granted Nov. 18, 2020, S264978.)

We agree with the trial court that the jury's special circumstance finding precludes Marin's eligibility for resentencing under section 1170.95 as a matter of law.  Here, the jury was instructed with CALJIC No. 8.80.1 which reads in relevant part:  "[I]f you are satisfied beyond a reasonable doubt . . . the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstances to be true.  [¶]  [If you find that a defendant was not the actual killer of a human being . . . or if you are unable to decide whether the defendant was the actual killer or [an aider and abettor,] you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill [aided,] [abetted,] [or] [assisted] any actor in the commission of the murder in the first degree][, or with reckless indifference to human life and as a major participant, [aided,] [abetted,] [or] [assisted] in the commission of the crime of burglary or robbery which resulted in the death of a human being.]"  Thus, to find the special circumstance true, the jury had to find either that Marin was the actual killer, or that she aided and abetted murder with the intent to kill, or that she aided and abetted the underlying felonies while acting as a major participant with reckless indifference to human life.

Senate Bill No. 1437's amendment to section 189, subdivision (e) effectively made the crime of felony murder subject to the same requirements as special circumstance felony

7

murder under section 190.2, subdivision (a)(17). Thus, the changes Senate Bill No. 1437 made to section 189 would have no effect on Marin's conviction. "By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1141, review granted Oct. 14, 2020, S264284.)

Marin asserts that the true finding on the special circumstance does not establish that she was a major participant in a felony who acted with reckless indifference to human life, because her conviction predated our Supreme Court's decisions in *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522. *Banks,* at page 803, set out a series of considerations relevant to determining whether a particular defendant was a major participant in the underlying felony.[2] Similarly, *Clark,* at page 622, set out factors relevant in determining whether a defendant acted with reckless indifference to human life.[3] In light of these

---

[2] *Banks*, *supra*, 61 Cal.4th at page 803, held that courts should consider: "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal weapons? What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants? Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death? What did the defendant do after lethal force was used?"

[3] *Clark*, *supra*, 63 Cal.4th at pages 618 to 623, found that courts should consider defendant's knowledge of weapons, use and number of weapons, physical presence at the crime and

considerations, Marin argues that she may no longer meet the standard for a major participant or a person who acted with reckless indifference to human life and, therefore, could be eligible for relief under section 1170.95. The People respond that a section 1170.95 petition is not the proper vehicle to challenge the validity of pre-*Banks* and *Clark* special circumstances findings. Rather, Marin must make that challenge via habeas corpus. (See *In re Scoggins* (2020) 9 Cal.5th 667, 673–674.) While there are well-reasoned cases in support of both positions, we agree with the People.[4]

In favor of Marin's contention, *People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, review granted June 24, 2020, S262011, found that *Banks* and *Clark* construed section 190.2 in a significantly different and narrower manner than courts had previously construed the statute, so a court considering a section 1170.95 petition cannot defer to the jury's pre-*Banks* and *Clark* factual findings that the petitioner was a major participant who acted with reckless indifference to human life, as those terms were interpreted at the time. (*Ibid*.) "No court has affirmed the special circumstances findings at issue post-*Banks* and *Clark*. There is therefore a possibility that [the petitioner] was punished

---

opportunities to restrain the crime or aid the victim, the duration of the felony, and defendant's knowledge of his or her cohort's likelihood of killing.

[4] Our Supreme Court granted review in *People v. Strong*, review granted March 10, 2021, S266606, to consider whether a felony-murder special circumstance finding made before *Banks* and *Clark* precludes a petitioner from making a prima facie showing of eligibility for relief under section 1170.95.

for conduct that is not prohibited by section 190.2 as currently understood, in violation of [petitioner's] constitutional right to due process." (*Id*. at p. 1180, fn. omitted.)  Other courts have reached the same conclusion.  (*People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954.)

There is also ample authority for the view that a pre-*Banks* and *Clark* special circumstance finding bars section 1170.95 relief as a matter of law, and section 1170.95 is not the proper vehicle to challenge such a finding.  (*People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033; *People v. Galvan*, *supra*, 52 Cal.App.5th 1134, review granted; *People v. Allison* (2020) 55 Cal.App.5th 449; *People v. Nunez* (2020) 57 Cal.App.5th 78, review granted Jan. 13, 2021, S265918; *People v. Murillo*, *supra*, 54 Cal.App.5th 160, review granted.)  Those cases reason that section 1170.95 was not meant to be an avenue for a collateral attack on the sufficiency of the evidence to support a special circumstance finding, and a defendant seeking to challenge the sufficiency of the evidence to prove a pre-*Banks* and *Clark* major participant or reckless indifference finding must do so via a petition for writ of habeas corpus.  (See, e.g., *Gomez*, at pp. 16–17.)  They conclude that *Banks* and *Clark* did not state a new rule of law, but merely clarified the meaning of " ' "major participant" ' " and " ' "reckless indifference," ' " so the argument that a pre-*Banks* and *Clark* special circumstance finding must be presumed invalid overstates the impact of *Banks* and *Clark*. (*Allison*, at p. 458.)  They also note that after *Banks* and *Clark*, "our Supreme Court has not required that juries be instructed on the clarifications, and in the wake of *Banks* and *Clark*, no

mandatory language or material changes were made to the CALCRIM special circumstance instructions." (*Nunez*, at pp. 92–93; *Allison*, at pp. 458–459.)  There is "no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a *post-Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards." (*Nunez*, at p. 94.)

Further, the view that a challenge to a pre-*Banks* and *Clark* finding must be made via habeas corpus is supported by the fact that the burdens of proof are different for section 1170.95 petitions and habeas petitions.  A petitioner challenging a pre-*Banks* and *Clark* special circumstance finding by means of a writ of habeas corpus must show that the record contains insufficient evidence to prove he or she acted as a major participant or with reckless indifference. (*People v. Galvan, supra*, 52 Cal.App.5th at pp. 1142–1143, review granted; *People v. Gomez, supra*, 52 Cal.App.5th at p. 17, review granted.)  In contrast, a petitioner who demonstrates a prima facie case for relief under section 1170.95 has shifted the burden to the People to prove beyond a reasonable doubt that he or she is ineligible for resentencing. (*People v. Lewis, supra*, 11 Cal.5th at p. 960; § 1170.95, subd. (d)(3).)  Allowing petitioners to challenge a special circumstance finding via a section 1170.95 petition would give them an advantage over similarly situated defendants based on the date of their convictions. (*Galvan*, at pp. 1142–1143.)

"Nothing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior factfinding.  In particular, subdivision (a)(3) of section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary facts if given a second chance.  Rather, it

11

requires that the petitioner could not be convicted of murder because of the changes to sections 188 and 189, not because a prior fact finder got the facts wrong.  The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*People v. Allison*, *supra*, 55 Cal.App.5th at p. 461, italics omitted.)

We agree with those cases holding that a special circumstance finding, even if made pre-*Banks* and *Clark,* still precludes a petitioner's eligibility for relief under section 1170.95 as a matter of law.  Accordingly, we conclude that the trial court correctly denied Marin's petition.

### DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.


MATTHEWS, J.*

We concur:


EDMON, P. J.          EGERTON, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.